Michele Anderson-West (9249)
Austin B. Egan
**STAVROS LAW P.C.**
8915 South 700 East, Suite 202
Sandy, Utah 84070
Tel: (801) 758-7604
Fax: (801) 893-3573
michele@stavroslaw.com
austin@stavroslaw.com

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| ROSEMARY HAWS,<br><br>    Plaintiff,<br>v.<br><br>PRIORITY CONSULTANTS, INC. dba PRIORITY DISPATCH CORP.,<br><br>    Defendants. | **COMPLAINT<br>(JURY DEMAND)**<br><br>Case No. _1:20-cv-00109-HCN<br><br>Judge Howard C. Nielson, Jr. |

Plaintiff Rosemary Haws, through her counsel of record, submits this Complaint against Priority Consultants, Inc. dba Priority Dispatch Corp. ("Priority Dispatch") and for causes of action, alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1.    Plaintiff Rosemary Haws resides in the State of Utah, Utah County and has resided in the State of Utah, Utah County at all times relevant herein.

2.    Defendant Priority Dispatch is a for-profit corporation located in the State of Utah, Utah County.

3.    This Court has jurisdiction for claims arising from the Fair Labor Standards Act, pursuant to 28 U.S.C. §1331.

4. The Court has supplemental jurisdiction over Ms. Haw's state law claims pursuant to 28 U.S.C. §1367.

5. The alleged unlawful practices were committed in Salt Lake County and Utah County, State of Utah, which are within the jurisdiction of the United States District Court for the District of Utah, Central Division. Accordingly, venue is proper pursuant to 28 U.S.C. §1391.

6. At all times relevant herein, Priority Dispatch was an enterprise engaged in commerce or in the production of goods for commerce and experienced annual gross sales of more than $500,000.

7. At all times relevant herein, Priority Dispatch acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein, in the course and scope of their employment with and for Priority Dispatch Corp.

## FACTUAL ALLEGATIONS

8. Ms. Haws initially worked at Priority Dispatch through an employment agency and was directly hired by Priority Dispatch in July 2019 as its Collection Lead. At all times relevant hereto, Ms. Haws was an employee of Priority Dispatch as a Collection Lead in Salt Lake City, Utah.

9. Ms. Haws' yearly salary was $50,000 per year based on a 40-hour workweek. Ms. Haws hourly wage based on her salary was $25.00 per hour. However, Ms. Haws worked between 60 and 70 hours per week and was entitled to be paid 1 ½ times her regular hourly rate for each hour she worked beyond 40 hours per workweek. Priority Dispatch was required to pay, but did not pay, Ms. Haws $37.50 for each hour she worked over 40 hours per work week. Priority Dispatch knew Ms. Haws worked overtime, accepted the work Ms. Haws performed on its behalf but refused to pay her for each hour she worked.

10. Between August 1, 2019 and May 14, 2020, Ms. Haws worked approximately 1,025 hours of overtime for which she was entitled payment of 1 ½ times her hourly wage. Priority Dispatch was required to pay Ms. Haws $37.50 for each hour she over 40 hours per workweek but refused to pay her the approximate $38,437.50 Ms. Haws earned while working overtime.

11. Priority Dispatch terminated Ms. Haws' employment on May 14, 2020. Priority Dispatch Corp. was required to pay Ms. Haws all her unpaid wages within 24 hours of her termination. However, Priority Dispatch did not pay Ms. Haws approximately $3,800 it owed her for her unused PTO and did not pay Ms. Haws the approximate $38,437.50 she was owed for unpaid overtime.

**FIRST CAUSE OF ACTION**
**(Failure to Pay Overtime in Violation of the Fair Labor Standards Act,
29 U.S.C. §201, *et. seq***

12. Ms. Haws hereby incorporates as though restated herein each of the factual allegations set forth in the preceding paragraphs of the Complaint.

13. At all relevant times herein, Priority Dispatch was an "employer" within the meaning of the Fair Labor Standards Act, 29 U.S.C. §201, et seq. ("FLSA").

14. Priority Dispatch is an industry that engages in interstate commerce as defined in the FLSA and experienced annual gross sales of more than $500,000 per year at all times relevant to this action.

15. At all times relevant herein, Ms. Haws was Priority Dispatch's "employee" within the meaning of the FLSA.

16. Priority Dispatch, at all times relevant herein have been responsible for paying wages to Ms. Haws. Ms. Haws average hourly wage was $25.00 per hour.

17. Under the FLSA, employers, like Priority Dispatch, are required to pay its employees, including Ms. Haws at least 1 ½ times his or her regular rate of pay for each hour worked more than forty hours per workweek.

18. Between August 1, 2019 and May 14, 2020, Ms. Haws worked approximately 1,025 hours of overtime for which she was entitled payment of $37.50 per hour for each hour of overtime she worked.

19. Priority Dispatch was required to pay Ms. Haws $37.50 per hour for each hour of the approximate 1,025 hours of overtime she worked but refused to do so.

20. Priority Dispatch owes Ms. Haws unpaid overtime wages of approximately $38,437.50.

21. Priority Dispatch's actions in depriving Ms. Haws of her overtime compensation was calculated, willful, intentional. As such, Priority Dispatch owes Ms. Haws liquidated damages equal to the amount of her unpaid overtime of approximately $38,437.50.

22. Ms. Haws is entitled to costs and attorneys' fees in prosecuting this action, awards of pre-judgment interest, post-judgment interest, punitive damages, and all other damages recoverable under the provisions of the FLSA.

## SECOND CAUSE OF ACTION
**(Violation of the Utah Payment of Wages Act, Utah Code Ann. §34-28-1, *et seq*)**

23. Ms. Haws hereby incorporates as though restated herein each of the factual allegations set forth in the preceding paragraphs of the Complaint.

24. At all times relevant herein, Priority Dispatch was Ms. Haws' "employer" as that term is defined in the Utah Payment of Wages Act, Utah Code Ann. §34-28-1, *et. seq* ("UPWA").

25. Priority Dispatch terminated Ms. Haws' employment on May 14, 2020 and Ms. Haws' unpaid wages were due immediately. Priority dispatch was required to pay Ms. Haws all her unpaid wages, including unused PTO, within 24 hours of the time of her termination.

26. Priority Dispatch did not pay Ms. Haws the approximate $3,800 owed her for unused PTO and it did not pay her the approximate $38,437.50 in unpaid overtime within 24 hours of her termination and continues to refuse to pay Ms. Haws.

27. As a result of Priority Dispatch's violations of the UPWA, Ms. Haws is entitled to recover penalties under the UPWA and all reasonable attorneys' fees and costs in bringing this action.

28. As a result of Priority Dispatch's intentional and willful violations of the UPWA, Ms. Haws is entitled to awards of pre-judgment interest, post-judgment interest, punitive damages, and all other damages recoverable under the provisions of the UPWA.

### THIRD CAUSE OF ACTION
### (Breach of Contract)

29. Ms. Haws hereby incorporates as though restated herein each of the factual allegations set forth in the preceding paragraphs of the Complaint.

30. Priority Dispatch agreed to pay Ms. Haws money in exchange for Ms. Haws working on its behalf and offered, as a benefit to working for it, paid time off.

31. Ms. Haws did as she was required under the parties' employment contract and worked diligently on behalf of Priority Dispatch.

32. Priority Dispatch breached the employment contract with Ms. Haws and did not pay Ms. Haws for all the hours she worked on its behalf and did not pay Ms. Haws for her unused PTO at the time of her termination.

33. Ms. Haws suffered damages arising out of and caused by Priority Dispatch's breach of their contract.

34. As such, Priority Dispatch is liable to Ms. Haws for all damages that flow from Priority Dispatch's breaches and that are recoverable pursuant to Utah law, including but not limited to lost wages, the value of lost benefits, compensatory damages, injunctive relief and consequential damages including attorneys' fees and costs.

## FOURTH CAUSE OF ACTION
### (Violation of the Duty of Good Faith and Fair Dealing)

35. Ms. Haws hereby incorporates as though restated herein each of the factual allegations set forth in the preceding paragraphs of the Complaint.

36. Priority Dispatch failed to comply with its obligations and to act in good faith in employing Ms. Haws.  For example, Priority Dispatch expected Ms. Haws work more than 40 hours per workweek, reaped the benefits of Ms. Haws' work efforts, but refused to pay her wages for each hour she worked.

37. Priority Dispatch's acts and omissions as described above were inconsistent with the agreed common purpose and the justified expectations of Ms. Haws.

38. Priority Dispatch violated its duty of good faith and fair dealing inherent in all employment relationships.

39. Ms. Haws is entitled to the benefits of her employment with Priority Dispatch as well as her damages associated with Priority Dispatch's breach of the covenant of good faith and fair dealing.

## JURY DEMAND

Plaintiff requests trial by jury on issues so triable to jury pursuant to Fed. R. Civ. P. 38.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

a. For a ruling and judgment in Ms. Haws favor and against Priority Dispatch for all causes of action asserted herein;

b. For all wages, compensation and other economic benefits lost because of the actions and omissions of Priority Dispatch;

c. For all special and general damages available to Ms. Haws, including pecuniary and non-pecuniary loses;

d. For an award of attorneys' fees and costs as allowed by the foregoing claims;

e. For an award of liquidated and punitive damages;

f. For prejudgment and post judgment interest as allowed by law; and

g. For such other relief the Court deems just and equitable.

Respectfully submitted this 19th day of August 2020.

/s/ Michele Anderson-West
Michele Anderson-West
Austin B. Egan
STAVROS LAW, P.C.
*Attorneys for Plaintiff*