IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ROSEMARY HAWS,<br><br>             Plaintiff,<br><br>v.<br><br>MEDICAL PRIORITY CONSULTANTS, INC. dba PRIORITY DISPATCH CORPORATION,<br><br>             Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 1:20-cv-00109-HCN-JCB<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Jared C. Bennett |

District Judge Howard C. Nielson referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636 (b)(1)(B).[1] Before the court are Plaintiff Rosemary Haws's ("Ms. Haws") Motion for Relief from Judgment Under Rule 60(b)[2] and Motion to Compel Defendant Medical Priority Consultants, Inc. dba Priority Dispatch Corporation's ("Dispatch") to Respond to Ms. Haws's Discovery Request for Documentation.[3] The court has carefully reviewed the parties' written memoranda.[4] Based upon the analysis below, the court recommends Ms. Haws's Motion for Relief from Judgment be denied and the Motion to Compel be denied as moot.

---

[1] ECF No. 28. Judge Nielson referred the matter again post-judgment under 28 U.S.C. § 636 (b)(1)(B) on May 19, 2021.

[2] The court construes ECF No. 43 as a motion for relief from judgment under Fed. R. Civ. P. 60(b) because the motion was filed after judgment was entered on May 11, 2021. ECF No. 44.

[3] ECF No. 42.

[4] Under DUCivR 7-1(f), the court concludes that oral argument is not necessary and, therefore, decides the motions on the written memoranda.

## BACKGROUND

Ms. Haws commenced this lawsuit against her former employer alleging failure to pay overtime in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-19, and its state law equivalent plus several state law causes of action.[5] Dispatch answered the complaint and denied Ms. Haws's allegations.[6] After Dispatch served discovery requests, Ms. Haws's then-counsel informed Dispatch that he was going to withdraw from representing Ms. Haws because Ms. Haws "would not respond to the discovery requests."[7] Indeed, Ms. Haws failed to provide a damage calculation in her initial disclosures and missed her discovery deadlines, which caused Dispatch to file two motions to compel.[8] Ms. Haws neither responded to the motions to compel nor provided a damage calculation by the respective response deadlines.

Given the challenges with Ms. Haws, her counsel moved to withdraw, which the court granted but in so doing provided Ms. Haws with 21 days to find new counsel.[9] The court warned Ms. Haws that if she was unable to obtain new counsel, then she must file a notice of pro se appearance.[10] The court also extended, sua sponte, Ms. Haws's response dates for Dispatch's motions to compel.[11] The court also warned Ms. Haws that failure to comply with the court's

---

[5] ECF No. 2.

[6] ECF No. 9.

[7] ECF Nos. 14, 19, 30.

[8] ECF Nos. 13, 14.

[9] ECF No. 20.

[10] *Id.*

[11] *Id.*

deadlines may result in sanctions. Unfortunately, Ms. Haws never: (1) obtained new counsel, (2) filed a notice of pro se appearance, (3) responded to the motions to compel, or (4) provided the requested discovery that was the subject of both motions.

Given Ms. Haws's failure to respond to the motions to compel despite a rather lengthy extension of time to do so, the court granted them.[12] In so doing, the court again warned Ms. Haws that failure to comply with each of the courts' discovery orders may result in the dismissal of her case under Fed. R. Civ. P. 41(b).[13] Subsequently, the court ordered Ms. Haws to: (1) show cause why her case should not be dismissed for failure to prosecute and (2) inform the court if she wanted to continue pursuing this action, or risk dismissal of her case.[14]

Presumably in response to these orders, Ms. Haws provided a hand-written letter on March 4, 2021, stating that she was going to soon provide a damage calculation, but her letter failed to address any of the other court-ordered topics.[15] True to her word, Ms. Haws provided a damage calculation but failed to provide a response to Dispatch's discovery requests.[16]

Ms. Haws's lack of cooperation in discovery caused Dispatch to file a motion to dismiss.[17] Ms. Haws responded by providing three pages of flyers from her employment that

---

[12] ECF Nos. 25, 26.

[13] *Id.*

[14] ECF No. 24.

[15] ECF No. 29.

[16] *Id.*

[17] ECF No. 30.

contained inspirational messages.[18] After Dispatch replied, which closed briefing on the motion to dismiss,[19] Ms. Haws filed some "exhibits" that contained, among other things, an additional argument as to why Dispatch's motion to dismiss should be denied.[20] Despite the impropriety of Ms. Haws's "exhibits," the court considered them when deciding Dispatch's motion to dismiss.[21]

After considering both the proper and improper briefing, the court issued a Report and Recommendation that Judge Nielson grant Dispatch's motion to dismiss.[22] Specifically, the court found that Ms. Haws's litigation conduct, her willful failure to participate in discovery, and her repeated disregard for court orders warranted dismissal under Fed. R. Civ. P. 37(b) and 41(b).[23] The court also notified Ms. Haws of her right to object to the Report and Recommendation within 14 days.[24]

Ms. Haws objected to the Report and Recommendation.[25] However, Judge Nielson overruled Ms. Haws's objections and dismissed this action as a sanction under Fed. R. Civ. P.

---

[18] ECF No. 31.

[19] DUCiv 7-1(b)(2)(A) (stating that after reply brief filed, no additional memoranda can be submitted without leave of court).

[20] ECF No. 34-1.

[21] ECF No. 35 at 5-6.

[22] *Id*. at 1.

[23] *Id*. at 7-12.

[24] *Id*. at 13.

[25] ECF No. 37.

37(b) and 41(b).[26] With the cause of action dismissed, the clerk issued judgment against Ms. Haws under Fed. R. Civ. P. 58.[27]

However, consistent with her penchant for filing memoranda whenever she feels like it instead of by the court's deadlines, Ms. Haws submitted additional objections to the court's Report and Recommendation the day after the clerk issued judgment.[28] Contemporaneously with her additional objections, Ms. Haws also filed a motion to compel discovery responses from Dispatch.[29] Given that this action was dismissed and closed before receiving Ms. Haws's untimely filing, the court again gave Ms. Haws the benefit of the doubt by treating her new objection as a motion to correct an erroneous judgment under Fed. R. Civ. P. 60.[30] Dispatch responded,[31] and Ms. Haws filed a reply.[32]

Essentially, Ms. Haws's additional objections contend that she participated in discovery by responding to Dispatch's aged discovery requests prior to dismissal.[33] In fact, Ms. Haws attaches these purported responses to her additional objections to the Report and Recommendations but provides no explanation for why this alleged fact was not provided prior

---

[26] ECF No. 40.

[27] ECF No. 41.

[28] ECF No. 43.

[29] ECF No. 42.

[30] ECF No. 43.

[31] ECF No. 45.

[32] ECF No. 46.

[33] ECF No. 43 at 1.

to dismissal.[34] Although Dispatch contends that it never received any response from Ms. Haws, one thing is quite clear from the discovery responses attached to Ms. Haws's new motion: Ms. Haws failed to provide any response at all to several discovery requests.[35] Accordingly, as shown below, Ms. Haws has failed to meet her burden to obtain relief from judgment under either Fed. R. Civ. P. 59(e) or 60(b).

## ANALYSIS

Ms. Haws cannot carry her heavy burden under either Rule 59(e) or Rule 60(b) to obtain relief from the judgment in this action. To alter or amend the judgment pursuant to Rule 59(e), a movant must show: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[36] Similarly, Rule 60 permits a party to seek relief from a "final judgment" based on:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

---

[34] ECF 43-1.

[35] ECF No. 43-1 at 4, 5, 9, 10, 11.

[36] *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

6

Whereas a party must seek relief under Rule 59(e) "no later than 28 days after the entry of the judgment,"[37] relief under Reasons (1)-(3) in Rule 60 must be brought within one year of judgment, and the other Rule 60 reasons can be brought at "a reasonable time" after judgment.[38] Ms. Haws has complied with both rules' timeliness requirements.

Although there are other meaningful differences between Rule 59(e) and 60(b) besides the time when a motion must be filed,[39] the burdens imposed upon Ms. Haws to obtain relief under either rule are strikingly similar. "Like Rule 59(e), the movant bears the burden to establish Rule 60(b) relief,"[40] and relief under either rule is "'extraordinary and may be granted only in exceptional circumstances.'"[41] At bottom, to succeed under either Rule 59(e) or Rule 60(b), Ms. Haws must show that the court failed to apply the correct law, ignored a material fact, or relied on a process that was somehow flawed due to some unjust reason.

Ms. Haws fails to meet this heavy burden. Even reading her new motion as liberally as English and reason allow, she contends that she provided discovery responses before this action was dismissed. Even if this court ignores that this information was available to her before dismissal and that she failed to argue it, the fact is that her discovery responses prove the propriety of one of the court's reasons for dismissal. Ms. Haws's responses failed to answer

---

[37] Fed. R. Civ. P. 59(e).

[38] Fed. R. Civ. P. 60(c)(1).

[39] *See e.g., Banister v. Davis*, 140 S.Ct. 1698, 1709-10 (2020).

[40] *Thymes v. Verizon Wireless, Inc.*, No. 16-CV-66, 2016 WL 9777487, at *2 (D.N.M. Sept. 28, 2016).

[41] *Garcia v. U.S. Atty. Gen.*, No. 10-CV-3147, 2011 WL 167035, at *1 (D. Kan. Jan. 19, 2011) (quoting *Allender v. Rayehon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006)).

several important interrogatories and document requests.[42] And even after being twice ordered to provide those responses, she refused to do so. Ms. Haws's arguments and evidence, which further establish the propriety of the court's previous judgment, are not the stuff of a successful motion under either Rule 59(e) or Rule 60(b). Therefore, Ms. Haws's motion fails.[43]

## RECOMMENDATION

Based on the foregoing analysis, IT IS HEREBY RECOMMENDED that:

1. Ms. Haws's Motion for Relief from Judgment Under Rule 60(b)[44] be DENIED.

2. Ms. Haws's Motion to Compel Dispatch to Respond to Discovery Requests[45] be DENIED AS MOOT.

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). The parties must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy of it. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object may constitute waiver of objections upon subsequent review.

DATED June 21, 2021.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[42] ECF No. 43-1 at 4, 5, 9, 10, 11.

[43] Given that Ms. Haws cannot prevail on reopening this action, her motion to compel (ECF No. 42) should be denied as moot.

[44] ECF No. 43.

[45] ECF No. 42.